IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KATHERINE NOVOTNY, ET AL., | * | |
| *Plaintiffs*, | * | |
| v. | * | No. 1:23-cv-01295-RDB |
| WESLEY MOORE, ET AL., | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR EXTENTION OF TIME

Defendants, Governor Wesley Moore, Secretary of the Maryland State Police Col. Roland L. Butler, Jr., Harford County State's Attorney Alison M. Healey, Baltimore County State's Attorney Scott Shellenberger, Baltimore City State's Attorney Ivan J. Bates, Maryland Secretary of Natural Resources Joshua Kurtz and Maryland Secretary of Transportation Paul J. Wiedefeld, all sued in their official capacities, hereby move for an extension of time to respond the Motion for Preliminary Injunction filed by plaintiffs:

1. Plaintiffs in this case ask the Court to strike down certain portions of Maryland's new law restricting where gun owners are allowed to carry concealed firearms. (ECF 1.)

2. Governor Moore signed Senate Bill 1 on May 16, 2023. The law, which does not go into effect until October 1, 2023, prohibits carrying firearms in hospitals and health care facilities, museums, restaurants that serve alcohol, private property without consent and several other locations.

3. On May 24, 2023, eight days after filing this case, plaintiffs filed a motion for preliminary injunction, asking the Court to preliminarily enjoin certain aspects of Senate Bill 1, along with other pre-existing prohibitions on carrying concealed firearms on public transit and in State parks. (ECF 24.)

4. Plaintiffs' preliminary injunction motion is supported by a 30-page memorandum of law and six sworn declarations. (ECF 24.) It argues that certain of Maryland's restrictions on carrying concealed firearms in certain public places violate the Second Amendment because they are not consistent with the history and tradition of firearms regulation in the United States. (ECF 24 at 1-2, citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).)

5. Further, plaintiffs argue that, for Maryland's carry restrictions to be upheld under the Supreme Court's decision in *Bruen*, the burden is on the State to show that the restrictions are consistent with the history and tradition of firearms regulation in the United States. (ECF 24 at 9.)

6. The State and its counsel are working diligently on the response to plaintiffs' motion for preliminary injunction. Due to the amount of historical research and legal analysis necessary to respond to all of plaintiffs' arguments, defendants require additional time to prepare a thorough response.

7. Counsel for defendants requested plaintiffs' consent for an additional 21 days to file a response to the motion, but plaintiffs' counsel refused, agreeing only to consent to an additional seven days.[1]

8. Granting defendants a 21-day extension to respond the plaintiffs' motion will not prejudice plaintiffs in any way.

9. Senate Bill 1, the primary law at issue in this case, does not take effect until October 1, 2023. A 21-day extension of time will make defendants' response due on June 28, 2023, leaving more than three months for the Court to decide the motion.

10. To the extent plaintiffs are challenging carry restrictions that are already in effect (State parks and public transit), those restrictions were in place prior to the Supreme Court's decision in *Bruen* in June, 2022. If those restrictions needed to be challenged on an emergency basis, plaintiffs could have filed a lawsuit and sought preliminary injunctive relief months ago.

11. Denying defendants' adequate time to prepare a well-developed and thorough response to plaintiffs' motion will prejudice the State.

12. Plaintiff's challenge to Maryland's concealed-carry restrictions present important issues of public policy. Decisions about whether to enjoin laws designed to protect public safety and reduce gun violence should not be made until the State has had adequate time to provide fully developed and thorough briefing on the question.

---

[1] Plaintiffs' counsel did consent to a 21-day extension of time for defendants to respond to the complaint, but would not agree to a 21-day extension to respond to the motion for preliminary injunction.

13. Further, plaintiffs have consented to a 21-day extension of time for defendants to respond to the complaint, making it due June 28, 2023. Hence, the most efficient and logical approach is for both responses to be filed at the same time.

WHEREFORE, for the reasons stated herein, defendants respectfully request that the Court enter an order extending defendants' time to respond to plaintiffs' motion for preliminary injunction for 21 days, making the defendants' response due June 28, 2023.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Robert A. Scott
_____
ROBERT A. SCOTT
Federal Bar No. 24613
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
rscott@oag.state.md.us
(410) 576-7055
(410) 576-6955 (facsimile)

May 30, 2023                                    Attorneys for Defendant

# CERTIFICATE OF SERVICE

I certify that, on this 30th day of May, 2023 the foregoing was served by CM/ECF on all registered CMF users.

/s/ Robert A. Scott

_____

Robert A. Scott