IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SUSANNAH WARNER KIPKE, *et al.*, | * | |
|     *Plaintiffs*, | * | |
| v. | * | No. 1:23-cv-01293-GLR |
| | * | |
| WES MOORE, *et al.*, | | |
|     *Defendants*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| KATHERINE NOVOTNY, *et al.*, | * | |
|     *Plaintiffs*, | * | |
| v. | * | No. 1:23-cv-01295-GLR |
| | * | |
| WESLEY MOORE, *et al.*, | | |
|     *Defendants*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE

Defendants in *Kipke v. Moore*, No. 1:23-cv-01293-GLR (the "*Kipke* Lawsuit") and *Novotny v. Moore*, No. 1:23-cv-01295-GLR (the "*Novotny* Lawsuit"), submit this reply memorandum in support of defendants' motion to consolidate.

1. Plaintiffs in the *Novotny* Lawsuit oppose consolidation despite their own admission that all aspects of their claims are also asserted in the *Kipke* Lawsuit. ECF 33 at 2.

2.	Although the *Kipke* Lawsuit does contain additional claims not raised in the *Novotny* Lawsuit, judicial economy favors consolidation when "there is substantial overlap" between cases. *See Coyne & Delaney Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996).

3.	Here, there is more than substantial overlap. There is a complete overlap because all of the claims in the *Novotny* Lawsuit are also included within the *Kipke* Lawsuit. Hence, the two cases should be consolidated.

4.	The *Novotny* plaintiffs allege they are concerned that consolidation would delay resolution of their claims before Senate Bill 1 goes into effect on October 1, 2023. ECF 31, ¶ 7. But the *Novotny* plaintiffs have already moved for a preliminary injunction as to their claims related to Senate Bill 1, and there is no reason that consolidation would prevent that motion from being decided by October 1, 2023.

5.	The State maintains that comprehensive resolution of the two lawsuits, which challenge the constitutionality of the same Maryland laws, would serve judicial economy.

WHEREFORE, for the reasons stated herein and in defendants' principal motion, ECF 30, defendants respectfully request that the *Kipke* Lawsuit and the *Novotny* Lawsuit be consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ James N. Lewis

_____
ROBERT A. SCOTT
Federal Bar No. 24613
RYAN R. DIETRICH
Federal Bar No. 27945
JAMES N. LEWIS
Federal Bar No. 30220
Assistant Attorneys General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
jlewis@oag.state.md.us
(410) 576-7005
(410) 576-6955 (facsimile)

June 9, 2023                                                  Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that, on this 9th day of June, 2023 the foregoing was filed via the Court's CM/ECF system and thereby served on all registered CM/ECF users entitled to service.

/s/ James N. Lewis
_____
James N. Lewis