IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SUSANNAH WARNER KIPKE, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. GLR-23-1293<br>Member Case: GLR-23-1295 |
| WES MOORE, et al., | * | |
| Defendants. | * | |

***

**<u>MEMORANDUM OPINION</u>**

THIS MATTER is before the Court on: (1) Plaintiffs Susannah Warner Kipke and Maryland State Rifle and Pistol Association, Inc.'s ("MSRPA") (collectively, "Kipke Plaintiffs") Motion for Summary Judgment (ECF No. 13); (2) Consol Plaintiffs Katherine Novotny, Sue Burke, Esther Rossberg, Maryland Shall Issue, Inc., Second Amendment Foundation, and Firearms Policy Coalition's (collectively, "Novotny Plaintiffs") Motion for Summary Judgment (ECF No. 18); (3) Roland L. Butler, Jr. and Wes Moore's Cross Motion for Summary Judgment (ECF No. 21); and (4) Ivan J. Bates, Butler, Alison M. Healey, Joshua Kurtz, Moore, Scott D. Shellenberger, Paul J. Wiedefeld's (collectively, "State Defendants") Cross Motion for Summary Judgment (ECF No. 23). The Motions are fully briefed, and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2023). For the reasons outlined below, the Court will grant the Motions in part and deny them in part.

## I.   BACKGROUND

**A.   The Gun Safety Act of 2023 and Other Maryland Firearm Restrictions**

The Court provided a complete description of the facts and law at issue in this case in its September 29, 2023 Memorandum Opinion, (ECF No. 31), which it incorporates here by reference. The Court will not repeat that description in its entirety and will instead provide a brief summary.

This action concerns Plaintiffs' challenges to the constitutionality of the Gun Safety Act of 2023 (the "Act"), formerly known as Senate Bill 1, as well as several other Maryland firearm regulations. See Md. Code Ann. (2023), Crim. Law ["CR"] §§ 4-111, 6-411. The Act took effect in part on October 1, 2023, and it identifies three categories of statutorily-defined locations where individuals are prohibited from carrying: (1) an "area for children and vulnerable individuals," (2) a "government or public infrastructure area," and (3) a "special purpose area." Id. §§ 4-111(c)–(e). These three categories include bans on carrying firearms in the following locations: schools and school grounds; healthcare facilities; government buildings; stadiums; museums; amusement parks; racetracks; casinos; and locations selling alcohol for onsite consumption (bars and restaurants). Id. § 4-111(a). Certain exceptions apply, such as for active or retired law enforcement officers, private property owners with authorized security, and individuals who transport a firearm inside a motor vehicle, as long as they either have a public carry permit or lock the firearm in a container. Id. § 6-411(b).

The Act also prohibits individuals from entering buildings on private property while carrying a firearm without first obtaining permission to do so (the "private building consent

rule"). Id. § 6-411. The manner in which permission may be expressed or obtained depends on whether the building at issue is a dwelling. The Act provides that an individual carrying a firearm cannot enter a dwelling without the owner's permission. Id. § 6-411(c). With regard to all other private property, an individual carrying a firearm may not enter or trespass on such property unless the owner or the owner's agent (1) "has posted a clear and conspicuous sign indicating that it is permissible to" carry a firearm on the property, or (2) "has given the person express permission" to carry a firearm on the property. Id. § 6-411(d).

Separate from the Act, Maryland also has firearm restrictions in the following locations:

- In State parks, State forests, and Chesapeake Forest Lands. COMAR 08.07.06.04 (State parks), 08.07.01.04 (State forests), and 08.01.07.14 (Chesapeake Forest Lands).

- On public transit owned or controlled by the Maryland Mass Transit Administration or operated by a private company under contract to the Administration. Md. Code Ann., Transp. § 7-705(b)(6).

- At welcome centers, rest areas, scenic overlooks, roadside picnic areas, and other public use areas within interstate and State highway rights-of-way. COMAR 11.04.07.01, 11.04.07.12.

- On the grounds of public school property. CR § 4-102(b).

- On property of state public buildings, improvements, grounds, and multiservice centers under the jurisdiction of the Department of General Services. COMAR 04.05.01.01, 04.05.01.03.

- In the Camden Yards Sports Complex. COMAR 14.25.01.01(B)(14), 14.25.02.06.

- In a casino. COMAR 36.03.10.48.

- At a demonstration in a public place (or in a vehicle that is within 1,000 feet of a demonstration in a public place) after being informed by a law enforcement officer that a demonstration is occurring and being ordered to leave the area until the individual disposes of the firearm. CR § 4-208(b)(2).

**B.     Procedural History**

On May 16, 2023, two lawsuits were filed challenging the Act and the other related firearm regulations set forth above. Kipke Plaintiffs filed the first lawsuit, (Kipke et al. v. Moore et al., ("Kipke"), No. GLR-23-1293, ECF No. 1), and Novotny Plaintiffs brought the second, (Novotny et al. v. Moore et al., ("Novotny"), No. GLR-23-1295, ECF No. 1).[1]

Kipke Plaintiffs make the following claims under 42 U.S.C. § 1983 to challenge the constitutionality of the Act and other Maryland firearm regulations: (1) Second and Fourteenth Amendments violations due to restrictions on carrying firearms as applied to: State parks; State highway rest areas; mass transit facilities; public school property; the grounds of preschools or prekindergarten facilities; museums; the Camden Yards Sports Complex; stadiums; healthcare facilities; government buildings; locations selling alcohol; amusement parks, racetracks, and casinos;  private buildings; and demonstrations in public places (Count I); (2) a First and Fourteenth Amendment violation due to the private building consent rule (Count II); (3) a Second and Fourteenth Amendment Due Process Clause violation due to Maryland's permit process and an applicant's need to satisfy "subjective criteria" (Count III); and (4) a Fourteenth Amendment Equal Protection Clause

---

[1] Record citations refer to the Kipke docket unless otherwise indicated.

violation for the State's alleged discriminatory treatment of Kipke Plaintiffs in comparison to retired law enforcement officers (Count IV). (Compl. ¶¶ 47–68, ECF No. 1).

Novotny Plaintiffs make a similar, but more narrow challenge of Maryland firearm restrictions—their Complaint contains several of the same claims as Count I of the Kipke Complaint. They allege that Maryland cannot restrict firearms in the following locations: healthcare facilities; locations selling alcohol; museums; and private property without the owner's consent (Count I); mass transit facilities (Count II); and State parks, State forests, and State Chesapeake forest lands (Count III). (Novotny, Compl. ¶¶ 45–57, ECF No. 1).

Because of the complete overlap between Novotny Plaintiffs' claims and Count I of the Kipke Complaint, the Court consolidated the two cases on July 13, 2023. (ECF No. 15). Prior to consolidation, Novotny Plaintiffs filed a Motion for Preliminary Injunction, (Novotny, ECF No. 24), seeking to enjoin enforcement of the firearm restrictions listed in their Complaint. (Novotny, Mot. Prelim. Inj. at 1, ECF No. 24).[2] They also filed a Motion for Summary Judgment seeking a permanent injunction on July 20, 2023. (ECF No. 18). State Defendants filed a Cross Motion for Summary Judgment and Opposition to Novotny Plaintiffs' Motion for Summary Judgment on August 3, 2023. (ECF No. 23). On August 11, 2023, Novotny Plaintiffs filed a Reply in Support of their Motion for Summary Judgment and an Opposition to State Defendants' Motion for Summary Judgment. (ECF No. 26).

---

[2] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

In the Kipke case, State Defendants filed an Answer on June 30, 2023. (ECF No. 11). Kipke Plaintiffs filed a Motion for Preliminary Injunction, (ECF No. 12), and a Motion for Summary Judgment, (ECF No. 13), on July 3, 2023. On July 28, 2023, State Defendants filed a Cross Motion for Summary Judgment and Opposition to Kipke Plaintiffs' Motion for Preliminary Injunction. (ECF No. 21). On August 11, 2023, Kipke Plaintiffs filed a Reply in Support of their Motion for Summary Judgment, Response in Opposition to State Defendants' Cross Motion for Summary Judgment, and Reply in Support of their Motion for Preliminary Injunction. (ECF No. 29). State Defendants filed a Reply in Support of their Cross Motion for Summary Judgment on September 8, 2023. (ECF No. 30).

On September 29, 2023, the Court issued its Memorandum Opinion and Order granting the Motions for Preliminary Injunction in part and denying them in part. (Sept. 29, 2023 Order at 1, ECF No. 32). Specifically, the Court granted the Motions for Preliminary Injunction as to Maryland's laws restricting the carrying of firearms in: (1) locations selling alcohol for onsite consumption; (2) private property without the owner's consent; and (3) within 1,000 feet of a public demonstration. (Id.; Oct. 2, 2023 Order at 1, ECF No. 35 (citing CR § 4-111(a)(2)(8)(i), § 4-208, § 6-411(d))). The Motions for Preliminary Injunction were otherwise denied, and the Court also denied the Motion to Dismiss, (Novotny, ECF No. 36), and the Motions for Summary Judgment, (ECF Nos. 13, 18, 21, 23) without prejudice. (Sept. 29, 2023 Order at 2).

On October 12, 2023, State Defendants filed an Answer to the Novotny Plaintiffs' Complaint. (ECF No. 36). The parties then informed the Court that they did not plan to conduct discovery, and they requested that the Court renew the Motions for Summary

6

Judgment for consideration without further briefing. (Status Report at 1–2, ECF No. 37). The Court renewed those Motions on November 17, 2023. (ECF No. 38). Since then, the parties have filed several Notices of Supplemental Authority and related Responses, which the Court considers in its analysis below. (ECF Nos. 39–48, 51–56).

## II.   DISCUSSION

### A.   Standard of Review

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when the movant demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c)(1)(A). Significantly, a party must be able to present the materials it cites in "a form that would be admissible in evidence," Fed.R.Civ.P. 56(c)(2), and supporting affidavits and declarations "must be made on personal knowledge" and "set out facts that would be admissible in evidence," Fed.R.Civ.P. 56(c)(4).

Once a motion for summary judgment is properly made and supported, the burden shifts to the nonmovant to identify evidence showing there is genuine dispute of material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

The nonmovant cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." Othentec Ltd. v. Phelan, 526 F.3d 135, 141 (4th Cir. 2008) (quoting Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985)).

A "material fact" is one that might affect the outcome of a party's case. Anderson, 477 U.S. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265. A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248. If the nonmovant has failed to make a sufficient showing on an essential element of his case where he has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986) (quoting Anderson, 477 U.S. at 247).

**B.    Analysis**

    **1.    Claims challenging State firearm regulations in specific locations**

Kipke Plaintiffs move for Summary Judgment on Counts I and II of their Complaint. (Kipke Pls.' Mem. Supp. Mot. Summ. J. ["Kipke Pls.' Mot."] at 17–37, ECF No. 13-1). They ask the Court to permanently enjoin enforcement of the Act and other State

regulations that ban the carrying of firearms in: bars and restaurants; public parks; public transportation and mass transit facilities; stadiums, racetracks, amusement parks, and casinos; museums; near public demonstrations; healthcare facilities; school grounds, government buildings; and private property without the owner's consent. (Id. at 22–34). They make this argument under the Second Amendment, and they also argue that the private building consent rule must be enjoined for violating the First Amendment. (Id. at 34).

Similarly, Novotny Plaintiffs move for summary judgment on all three Counts in their Complaint. They ask for a declaratory judgment and permanent injunction on the carry bans in: healthcare facilities; museums; bars and restaurants; mass transit facilities; State parks; and in private buildings without the owners' consent. (Novotny Pls.' Mot. Summ. J. and Briefing Schedule ["Novotny Pls.' Mot."] at 1–2, ECF No. 18). In their Cross Motions, State Defendants respond that they are entitled to summary judgment on those same claims. (Defs.' Consolidated Mem. L. Supp. Mot. Summ. J. ["Defs.' Consolidated Cross Mot."] at 6, ECF No. 21-1; Defs.' Mot. Summ. J. at 3, ECF No. 23).

The Court previously considered these same issues on the Motions for Preliminary Injunction. (See generally Sept. 9, 2023 Mem. Op. ["Mem. Op."], ECF No. 31). Although those Motions required a different standard of review than the summary judgment standard set forth above, there has been no discovery in this case, and the facts are unchanged and undisputed. (See Status Report at 1 (explaining that no party wished to conduct discovery); Novotny Pls.' Mot. at 1 ("The constitutionality of these provisions is a pure question of law . . . no discovery is necessary")). Further, the Court conducted a thorough review of

9

the entire record in making its September 29, 2023 decision. Accordingly, for the same reasons stated in the Memorandum Opinion where the Court determined whether Plaintiffs were likely to succeed on the merits of their claims, the Court now finds that there is no genuine dispute of material fact as to whether the regulations identified above violate the Second Amendment. The Court will grant in part and deny in part the Motions for Summary Judgment in accordance with its prior Memorandum Opinion and Order, and the Court will permanently enjoin Maryland's laws restricting the carrying of firearms in locations selling alcohol for onsite consumption, private buildings without the owner's consent, and within 1,000 feet of a public demonstration. The Court will enter judgment for Plaintiffs as to those claims. Plaintiffs' Motions for Summary Judgment will otherwise be denied, and judgment will be entered for State Defendants.

The parties have filed several Notices of Supplementary Authority since the Court issued its Memorandum Opinion and Order, but none of them change the Court's decision or require the Court to revisit its analysis. For example, Plaintiffs cite Brown v. Bureau of Alcohol, Tobacco, Firearms & Explosives, No. 1:22-CV-80, 2023 WL 8361745, at *10 (N.D.W.Va. Dec. 1, 2023); Springer v. Grisham, No. 1:23-CV-00781 KWR/LF, 2023 WL 8436312, at *7–8 (D.N.M. Dec. 5, 2023) (appeal docketed); and Lara v. Comm'r Pa. State Police, 91 F.4th 122, 133 (3d Cir. 2024) for the proposition that courts must look to only to founding-era laws to determine whether a modern regulation is consistent with the country's history of firearm regulation under New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022). (Novotny Pls.' Dec. 5, 2023 Notice Suppl. Authority at 1–2, ECF No. 41; Novotny Pls.' Dec. 8, 2023 Notice Suppl. Authority at 1–2, ECF No. 44;

Novotny Pls.' Jan. 24, 2024 Notice Suppl. Authority at 1–2, ECF No. 51; Kipke Pls.' Apr. 10, 2024 Notice Suppl. Authority at 1, ECF No. 52). These decisions do not bind this Court, and the Court is unconvinced by their conclusions for the reasons set forth in the Memorandum Opinion. (See Mem. Op. at 14 (citing Bruen, 597 U.S. at 37–38 and explaining that the Supreme Court expressly declined to determine whether courts should "primarily rely" on founding-era laws, or laws around the time of the ratification of the Fourteenth Amendment)).

Plaintiffs also cite Maryland Shall Issue, Inc. v. Moore, 86 F.4th 1038, 1047–49 (4th Cir. 2023), reh'g en banc granted, No. 21-2017 (L), 2024 WL 124290 (4th Cir. Jan. 11, 2024), and United States v. Rahimi, 144 S.Ct. 1889, 1896 (2024). (Novotny Pls.' Nov. 21, 2023 Notice Suppl. Authority at 1, ECF No. 39; Kipke Pls.' Nov. 28, 2023 Notice Suppl. Authority at 1, ECF No. 40; Kipke Pls.' June 24, 2024 Notice Suppl. Authority at 1, ECF No. 53). As to Maryland Shall Issue, it is not a final decision because the Fourth Circuit granted the petition for rehearing en banc. Maryland Shall Issue, Inc. v. Moore, No. 21-2017 (L), 2024 WL 124290, at *1 (4th Cir. Jan. 11, 2024). Further, Maryland Shall Issue did not address the issue of whether the Courts may look beyond the founding era for historical evidence, and therefore that case is unhelpful to Plaintiffs.

Plaintiffs' arguments fare no better with Rahimi, which is inapposite to the instant case. In Rahimi, the Supreme Court upheld the constitutionality of 18 U.S.C. § 922(g)(8), which prohibits individuals subject to a domestic violence restraining order from possessing a firearm. 144 S.Ct. at 1896–97. The Supreme Court held that such an individual may be temporarily disarmed consistent with the Second Amendment because historic

11

surety and going-armed laws traditionally limited the right to bear arms for individuals that pose a clear threat of physical violence to others. Id. at 1901 (citing Bruen, 597 U.S. at 30). Plaintiffs argue that Rahimi supports their claim because the Supreme Court stated that "[u]nlike the regulation struck down in Bruen, [which required carry permit applicants to demonstrate proper cause and a special need for self-protection,] Section 922(g)(8) does not broadly restrict arms use by the public generally." Id. Plaintiffs, therefore, appear to contend that the regulations at issue here are similar to the impermissibly broad regulatory scheme in Bruen, and thus that that these regulations must be enjoined. (See Kipke Pls.' June 24, 2024 Notice Suppl. Authority at 1). The Court finds that the instant case is factually distinct from both Rahimi and Bruen because the challenged laws here relate to carrying in specific locations, not to permitting and who may carry a firearm. Further, many of the regulations at issue here may be upheld under Bruen either as analogous sensitive places or because they are consistent with historical regulations, as set forth in the Memorandum Opinion. (See Mem. Op. at 16–39).

    Accordingly, the Court will grant Plaintiffs' Motions for Summary Judgment in part as to (1) locations selling alcohol for onsite consumption, CR § 4-111(a)(2)(8)(i); (2) private property without the owner's consent, id. § 6-411(d); and (3) within 1,000 feet of a public demonstration, id. § 4-208. These laws will be permanently enjoined. Because the Court will permanently enjoin the private building consent rule on Second Amendment Grounds, it need not determine whether that law also violates the First Amendment, as Kipke Plaintiffs claim in Count II of their Complaint. Plaintiffs' Motions for Summary Judgment will otherwise be denied.

### 2. Fourteenth Amendment Claims

In Counts III and IV of the Kipke Complaint, Kipke Plaintiffs allege a Second and Fourteenth Amendment Due Process Clause violation due to Maryland's permit process and an applicant's need to satisfy "subjective criteria," and a Fourteenth Amendment Equal Protection Clause violation for the State's alleged discriminatory treatment of Kipke Plaintiffs in comparison to retired law enforcement officers. (Compl. ¶¶ 57–68). In State Defendants' Cross Motion for Summary Judgment, they argue that the Court should grant judgment in their favor on those claims. (Defs.' Consolidated Cross Mot. at 94–105). In their Opposition to Defendants' Motion, Kipke Plaintiffs did not address Counts III or IV, nor did they respond in any way to State Defendants' arguments. (See generally Opp'n Cross Mot. Summ. J., ECF No. 29). Consequently, Kipke Plaintiffs have abandoned their Fourteenth Amendment claims, and because the Court finds State Defendants' arguments to be meritorious, summary judgment will be entered for State Defendants on Counts III and IV of the Kipke Complaint. See Ferdinand-Davenport v. Children's Guild, 742 F.Supp.2d 772, 777 (D.Md. 2010) (plaintiff abandoned her claim when she failed to respond to the defendant's argument in dispositive motion).

### III. CONCLUSION

For the foregoing reasons, the Court will grant the Motions for Summary Judgment in part and deny them in part. (ECF Nos. 13, 18, 21, 23). Plaintiffs' Motions, (ECF Nos. 13, 18), will be granted as to the claims regarding the private building consent rule and carrying near public demonstrations or in locations selling alcohol for onsite-consumption, and the Motions will be denied in all other respects. State Defendants' Cross Motions for

Summary Judgment, (ECF Nos. 21, 23), will be granted as to the Kipke Plaintiffs' Fourteenth Amendment claims (Counts III and IV of the Kipke Complaint), as well as the claims regarding: State Parks; mass transit facilities; schools and school grounds; museums; stadiums; healthcare facilities; government buildings; amusement parks; racetracks; and casinos. The Cross Motions for Summary Judgment will otherwise be denied. A separate Order follows.

Entered this 2nd day of August, 2024.

                                                                        /s/
                                        George L. Russell, III
                                        United States District Judge