IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SUSANNAH WARNER KIPKE, *et al.*, | * |
| *Plaintiffs*, | * |
| v. | *   No. 1:23-cv-01293-GLR |
| WES MOORE, *et al.*, | * |
| *Defendants*. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**CONSENT MOTION FOR RELIEF FROM ORDER**

Defendants, through their undersigned counsel and pursuant to Rule 60 of the Federal Rules of Civil Procedure, file this motion for relief from the orders entered on August 2, 2024 in *Kipke v. Moore*, Civil Action No. GLR-23-1293 (the "*Kipke* Lawsuit"), ECF 58, and *Novotny v. Moore*, Civil Action No. GLR-23-1295 (the "*Novotny* Lawsuit"), ECF 45 (collectively "Orders"), and, in support thereof, defendants state as follows:

1. This Court ruled on the pending cross-motions for summary judgment on August 2, 2024. *Kipke* Lawsuit, ECF 57, 58; *Novotny* Lawsuit, ECF 44, 45.

2. The Court, in relevant part, granted summary judgment to the plaintiffs as it relates to Maryland's law restricting the carrying of firearms in locations selling alcohol for on-site consumption. *Kipke* Lawsuit, ECF 57 at 12; *Novotny* Lawsuit, ECF 44 at 12. In doing so, the Court ordered that this law be permanently enjoined.

3. Maryland's law restricting the carrying of firearms in locations selling alcohol for on-site consumption was set to be codified at § 4-111(a)(8)(i) of the Criminal

Law Article. In this Court's orders, however, this Court references the pertinent law as being codified at "Md. Code Ann., (2023), Crim. Law § 4-111(a)**(2)**(8)(i)" (emphasis added).

4. There is no such code provision as Crim. Law § 4-111(a)(2)(8)(i). Instead, it appears that the Court, with the intent to reference Crim. Law § 4-111(a)(8)(i), inadvertently added "(2)" to the citation.

5. Pursuant to Rule 60, "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

6. This motion for relief from order seeks to have the Orders modified to specify that the provision of the Maryland Code to be enjoined is the restriction on the carrying of firearms in locations selling alcohol for on-site consumption found in Crim. Law § 4-111(a)(8)(i).

7. No harm or prejudice will be caused to any party if the requested relief is granted.

8. Counsel for the *Kipke* plaintiffs and *Novotny* plaintiffs consent to the relief requested herein

9. The State does not waive any of its rights by seeking this modification, including, but not limited to, the right to seek reconsideration, appeal, or stay.

WHEREFORE, for the reasons stated herein, defendants respectfully request that this Honorable Court grant this motion for relief from order and modify its Orders to

remove the "(2)" so as to reflect that the provision containing the enjoined restriction is Crim. Law § 4-111(a)(8)(i).

        Respectfully submitted,

        ANTHONY G. BROWN
        Attorney General of Maryland


        /s/ Ryan R. Dietrich
        _____
        ROBERT A. SCOTT
        Federal Bar No. 24613
        RYAN R. DIETRICH
        Federal Bar No. 27945
        Assistant Attorneys General
        Office of the Attorney General
        200 Saint Paul Place, 20th Floor
        Baltimore, Maryland  21202
        rdietrich@oag.state.md.us
        (410) 576-7648
        (410) 576-6955 (facsimile)

August 7, 2024        Attorneys for Defendants


## CERTIFICATE OF SERVICE

I certify that, on this 7th day of August, 2024 the foregoing was served, along with a proposed order, by CM/ECF on all registered CM/ECF users.

        /s/ Ryan R. Dietrich
        _____
        Ryan R. Dietrich